#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### ATHENS DIVISION

| | |
|---|---|
| KATHRYN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:23-cv-00113-CDL |
| | ) |
| STELLER INNOVATIONS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

#### DEFENDANT STELLER INNOVATIONS, LLC'S ANSWER
#### TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

COMES NOW Defendant Steller Innovations, LLC (hereinafter "Defendant" or "Steller Innovations"), by and through undersigned counsel, and hereby files this its Answer to Plaintiff's Complaint, showing the Court as follows:

#### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's Complaint fails to state a claim for which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the terms and conditions of any agreements between or applicable to the parties, which speak for themselves, and Stellar Innovations specifically denies any allegations inconsistent with the same.

#### THIRD AFFIRMATIVE DEFENSE

Defendant has fulfilled all of its duties under any agreement to which it is subject and, therefore, Plaintiff cannot obtain relief from Stellar Innovations.

#### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that it did not breach any implied warranty of fitness as the goods provided to Plaintiff are fit for the particular purpose required as flooring.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts that it did not breach any implied warranty of merchantability as the goods provided to Plaintiff are fit for the ordinary purpose for which such goods are used as flooring.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff breached the contract between Plaintiff and Defendant by failing to follow and comply with the Installation Guide.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that the Installation Guide provided with its products includes its own Guarantees & Warranties section that serves as express warranty and supersedes and/or modifies any implied warranties under Georgia law. Defendant did not breach this warranty.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant asserts that all issues raised by Plaintiff, including this lawsuit, are untimely based on the 30-day warranty included in the Installation Guide.

**NINTH AFFIRMATIVE DEFENSE**

Defendant shows that the Plaintiff's alleged damages, if any, may have been directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

**TENTH AFFIRMATIVE DEFENSE**

The sole, direct, and proximate cause of any injuries or damages which Plaintiff might have sustained was due to the negligence of Plaintiff and/or some person, persons, or entities other than Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's own comparative or contributory actions, omissions, and negligence caused or contributed to its alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred due to her failure to mitigate damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in Georgia.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to add, amend, or otherwise supplement this Answer to the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

With respect to the specific allegations set forth in Plaintiff's Complaint, Defendant responds as follows:

1. Steller Innovations is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, which therefore stand denied.

2. Steller Innovations admits that it is a limited liability company with its registered office located in Huntingdon County, Pennsylvania. Steller Innovations denies the remainder of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

3. Steller Innovations admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Steller Innovations admits that the flooring purchased was delivered to Plaintiff on or about March 28, 2022. Steller Innovations denies the remainder of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Steller Innovations admits that Plaintiff has claimed she began installation on December 7, 2022, but is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, which therefore stand denied. Steller Innovations denies the remainder of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Steller Innovations admits that it communicated with Plaintiff regarding the flooring, including proper installation and remediation of alleged issues. Steller Innovations denies the remainder of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Steller Innovations denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Steller Innovations denies that Plaintiff is entitled to a refund. Steller Innovations denies the remainder of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Steller Innovations admits Plaintiff sent a demand letter, dated April 28, 2023. Steller Innovations denies the remainder of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Steller Innovations admits it responded via letter, dated May 31, 2023, denying liability to Plaintiff. Steller Innovations denies the remainder of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## COUNT 1: VIOLATION OF IMPLIED WARRANTY: FITNESS FOR PARTICULAR PURPOSE

11.     Steller Innovations incorporates herein by reference each of the responses to Paragraphs 1 through 10 of Plaintiff's Complaint referenced above.

12.     Steller Innovations is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, which therefore stand denied.

13.     Steller Innovations is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, which therefore stand denied.

14.     Steller Innovations denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Steller Innovations denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Steller Innovations denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Steller Innovations denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## COUNT 2: VIOLATION OF IMPLIED WARRANTY: MERCHANTABILITY

18.     Steller Innovations incorporates herein by reference each of the responses to Paragraphs 1 through 17 of Plaintiff's Complaint referenced above.

19.     Steller Innovations admits that it manufactures and sells flooring. Steller Innovations denies the remainder of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Steller Innovations denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Steller Innovations denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Steller Innovations admits that O.C.G.A. § 11-2-314(2)(c) provides that merchantable goods must be "fit for the ordinary purposes for which such goods are used," but specifically denies that any breach occurred here. Steller Innovations denies the remainder of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Steller Innovations denies that the goods provided to Plaintiff were not fit for the ordinary purposes for which such goods are used. Steller Innovations denies the remainder of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Steller Innovations denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## DAMAGES

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. In response to the paragraph beginning "WHEREFORE," Defendant denies each and every subpart contained therein. Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

## SIXTEENTH AFFIRMATIVE DEFENSE

Steller Innovations denies any paragraph or any portion of any paragraph in Plaintiff's Complaint not previously referenced herein.

WHEREFORE, Defendant Steller Innovations prays of this Honorable Court as follows:

(a) That Plaintiff's Complaint be dismissed on the basis of the defenses raised herein;

(b) That judgment be entered in favor of Steller Innovations and against Plaintiff;

(c) That all costs of this action, including attorneys' fees, be assessed against Plaintiff; and

(d) That Steller Innovations receives such other relief as this Court deems just and proper.

## COUNTERCLAIM AGAINST PLAINTIFF KATHRYN JONES

COMES NOW Counterclaimant Defendant Steller Innovations, LLC ("Steller Innovations"), and files this Counterclaim against Plaintiff Kathryn Jones ("Jones"), stating as follows:

### VENUE AND JURISDICTION

1. The Court has subject matter jurisdiction over Steller Innovations' counterclaim under 28 U.S.C. § 1367(a) because it is so related to the Plaintiff's claim that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 90(b)(1).

### PARTIES

3. Defendant/Counterclaim-Plaintiff Steller Innovations, LLC is a Pennsylvania limited liability company organized and existing under the laws of the State of Pennsylvania with its principal place of business in Tyrone, Pennsylvania.

4. Plaintiff/Counterclaim-Defendant Kathryn Jones alleges that she is a citizen and resident of Georgia.

**FACTUAL BACKGROUND**

5.   On or about November 22, 2021, Jones purchased flooring from Steller Innovations.

6.   On or about March 28, 2022, the flooring was delivered to Jones by XPO Logistics.

7.   On or about December 7, 2022, Jones claims that she began installing the flooring in her home.

8.   On or about March 3, 2023, Jones communicated with Stellar Innovations regarding an alleged issue pulling out a floor board due to humidity causing the floor to expand after install.

9.   Between March 4, 2023, and March 18, 2023, Steller Innovations provided instructions to lower the humidity in Jones' house in order to remediate the issue she had.

10.   On or about April 3, 2023, Jones posted a Google Review of Steller Innovations online stating that the floors do not function as advertised, with a photo that revealed the relative humidity of her home was at the highest end of Steller Innovations' humidity range.

11.   On April 8, 2023, Jones filed a complaint with the Better Business Bureau stating that the floors do not function as advertised.

12.   On April 14, 2023, Steller Innovations responded to the Better Business Bureau complaint explaining that the high humidity levels in Jones' home were the source of her problems.

13.   On or about May 7, 2023, Jones edited her Google Review to include a doctored photo that reflects a relative humidity level within the recommended range.

**COUNT ONE – DEFAMATION/LIBEL**

14.   Steller Innovations adopts and incorporates by reference each of the allegations contained in Paragraphs 1–13 of the Counterclaim as if fully set forth herein.

15.   Jones made false statements about the functionality of Steller Innovations' flooring.

16. Jones knew the issues with her flooring were due to the high humidity levels in her home.

17. Jones' statements injure Steller Innovations' business and reputation.

18. Jones posted false statements online on the Better Business Bureau website and Google.

19. Therefore, Jones has committed libel under O.C.G.A. § 51-5-1.

WHEREFORE, Counterclaimant Steller Innovations, LLC prays of this Honorable Court as follows:

(a) That this Court enter judgment in favor of Counterclaimant Steller Innovations, LLC and against Plaintiff;

(b) That all costs of this action, including attorneys' fees be assessed against Plaintiff;

(c) That Counterclaimant Steller Innovations, LLC be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted this 20th day of October, 2023.

*/s/ Danielle C. Le Jeune*
Danielle C. Le Jeune
Georgia Bar No. 134222
COZEN O'CONNOR
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, Georgia  30309
Telephone:  (404) 572-2050
Facsimile:   (404) 287-0265
E-mail:      dlejeune@cozen.com

*Counsel for Defendant Steller Innovations, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| KATHRYN JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 3:23-cv-00113-CDL |
| STELLER INNOVATIONS, LLC, | ) ) |
| Defendants. | ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2023, I electronically filed the foregoing **DEFENDANT STELLER INNOVATIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

>Elizabeth A. Pelon
>426 Marietta Street NW #309
>Atlanta, GA 30313
>elizabethapelon@gmail.com
>*Attorney for Plaintiff*

This 20th day of October, 2023.

>*/s/ Danielle C. Le Jeune*
>Danielle C. Le Jeune
>Georgia Bar No. 134222