```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

```
KATHRYN JONES,                    *

      Plaintiff,                  *

vs.                               *
                                        CASE NO. 3:23-CV-113 (CDL)
STELLER INNOVATIONS, LLC,         *

      Defendant.                  *
```

O R D E R

Kathryn Jones brought this breach of implied warranty action against Stellar Innovations, LLC in the Superior Court of Clarke County, Georgia. She claims that she purchased flooring from Steller, that the "flooring is buckling and gapping in a manner which is unsafe," and that Steller breached the implied warranty for a particular purpose and the implied warranty of merchantability. Compl. ¶ 16, ECF No. 1-1. Jones claims that she suffered $72,652.20 in damages, and she seeks reasonable attorney's fees and litigation expenses related to this action. *Id.* ¶ 25. Jones is domiciled in Georgia, and Steller is a Pennsylvania company. Steller removed the action to this Court, asserting that there is complete diversity of the parties and that the amount in controversy exceeds $75,000.00. Presently pending before the Court is Jones's motion to remand. As discussed below, the Court grants the motion (ECF No. 5).

A civil action may be removed to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). Here, Steller contends that the action could have been brought in this Court under 28 U.S.C. § 1332, which permits jurisdiction over an action where there is complete diversity among the parties and the amount in controversy exceeds $75,000. Jones does not dispute that there is complete diversity of citizenship among the parties. She argues, though, that Steller did not plausibly allege that the amount in controversy exceeds $75,000.00 because she only seeks actual damages of $72,652.20. Where, as here, "a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

Steller contends that it is facially apparent from the complaint that the case is removable because the actual damages amount is close to the jurisdictional amount and Jones seeks additional amounts: attorney's fees and costs. Steller points out that district courts are permitted to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061-62 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d

744, 754 (11th Cir. 2010)) (concluding that the plaintiff's *wrongful death* complaint stated a claim that likely than not exceeded $75,000).

Steller did not point to any allegation or authority suggesting that Jones would be entitled to a compensatory damages amount exceeding her alleged actual damages. Rather, Steller asks the Court to infer that the amount in controversy will be met if potential costs and attorney's fees are considered. But § 1332(a) states that the amount in controversy must exceed $75,000, "exclusive of interest and costs," so any potential costs do not count toward the amount in controversy. And the "general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003). Steller did not point to any allegation of a contractual agreement for attorney's fees, there is no explicit claim for any type of statutory attorney's fees, and Steller did not point to any authority that Jones can recover statutory attorney's fees on her implied warranty claims. Thus, Steller did not establish that attorney's fees count towards the amount in controversy.

Without fees and costs, it is not facially apparent that the amount in controversy exceeds $75,000. For these reasons, the Court finds that Steller did not meet its burden of establishing

that the amount in controversy is met. Accordingly, the Court grants Jones's motion to remand (ECF No. 5). This action is remanded to the Superior Court of Clarke County.

IT IS SO ORDERED, this 2nd day of January, 2024.

                                        s/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA